Price, J.
An examination of the motion for new trial which was filed in the trial court, and also of the petition in error filed in the circuit court, will show that each and all of. the errors relied on for a reversal of the judgment in favor of the present plaintiff in error, were exhibited only by the bill of exceptions, and hence, if the motion to strike the bill of exceptions from the files had been sustained; or, if the circuit court for any reason assigned in the motion, had refused to consider the bill, an affirmance of the judgment of the trial court would necessarily have followed.
And if this eourt concludes that the circuit court erred in considering the bill of exceptions and passing on errors said to appear therein, a reversal of its judgment would be followed by an affirmance of the judgment of the trial court. •
The bill of exceptions, except perhaps the file marks and memoranda thereon required by statute, i's not a part of the record in this proceeding, and hence we have but the two questions:
1. Did the circuit court err in not permitting the present plaintiff in error to file the amended motion to strike the bill of exceptions from the files ?
2. Was it error to refuse to strike the bill from the files for the reasons contained in the original motion?
We think these questions may be considered together. The motions are not very different in their scope and meaning, and while both might be charged with lack of certainty and definiteness, we are disposed to give them a liberal construction. According to the record, it does not appear what the plaintiff in error expected to show on the hearing of the amended motion, had it been filed. The facts behind *330 it may have been stated orally to the court but we do not find them in the record.
Looking into the brief of counsel we may learn what is absent from the record, but we are not justified in reversing judgments on facts asserted in the ' briefs of counsel. Nor do we find any record of evidence offered or introduced (if any was offered, or introduced) to sustain the original motion.
Therefore we are remitted to the file marks, journal and docket entries which are in the record as the only means whereby we can determine the questions presented in argument.
As shown in our statement of the case, the motion for new trial was overruled by the trial court on the twentieth day of July, 1903. It was incumbent on the excepting party to reduce his exceptions to writing and file the same within forty days after the overruling of the motion for new trial. The bill was prepared and it was filed on the fifteenth day of August, 1903. This was within the forty days, and the excepting party had performed the duty made incumbent upon him by the statute. On the nineteenth day of August objections to the bill were filed with the clerk.
On the tenth day of September thereafter the bill was transmitted by the clerk to the ‘£ Court, ’ ’ as disclosed by the docket entry. ' Another entry states it as a transmission to ££Hon. T. I. Gilmer,” and the entry on the bill indicates that it was received by ££T. I. Gilmer, Judge of the Court of Common Pleas,” on the seventeenth day of September, 1903. The bill was returned to the clerk on the eighteenth of September and was filed by the clerk on the same day.
*331 It thus appears beyond doubt that the bill of exceptions, was filed by the excepting party in due time, and that it completed the circle, and was refiled in due time, after having been signed by the court or judge assuming authority to allow and sign it. Now, several faults were found with the bill in the circuit court, and they have been urged here with apparent confidence. It is said the record shows no explanation why seven days elapsed between the transmission by the clerk on September 10th — if the clerk in fact did transmit it on that day, — and the date it was received by the “Court,” and that plaintiff in error, could have shown something on the subject, had that court permitted the filing of the amended motion appearing in the statement. The brief of counsel states their complaint in this way:
■“That is one of the questions on which plaintiff in error bases his complaint that the circuit court erred to his prejudice in refusing to permit him to file his amended motion to strike from the files said bill of exceptions. Had leave been given to him so to do, a showing could then have been made by him of the manner and time of transmission of said bill by the clerk and facts could then have been measured by the requirements of the statute.”
As before stated, the plaintiff in error seemed content with the refusal to permit the filing of the amended motion, because no statement was made to the court of what would be disclosed under it, if once filed. It seems also, that no attempt was made to prove anything against the bill, under the original motion, and unless we are to presume error whenever it is merely asserted, there is nothing of merit in the proposition.
*332 ■Whát'could have been shown to defeat the bill? It is not contended .that the document filed with the clerk as a bill of exceptions on the fifteenth of August, lost its identity in any way, or, that it was tampered with by any one during the interim of seven days. The temporary absence of the trial judge might account for the bill coming into his hands on the seventeenth of September. Whatever it was that caused this lapse of time, it was not the fault of the party filing the bill. He.has done his part toward its perfection, and the remaining steps are to be taken by the clerk and trial judge or judges. While the statute commands the clerk to transmit the bill to the trial judge within a certain number of days, and as to the officer the duty is mandatory, yet his neglect to do so within the period prescribed, would not lose the bill, provided it reach the trial judge in time to enable him to allow, sign and return it within thé time prescribed for that duty, and it is so allowed, signed and returned. What would be the result if the trial judge should neglect to sign and return the bill within the time fixed by statute, is another and different question not raised in this record and we express no opinion concerning it.
There is another criticism of the bill. It is, that while the present statute requires the clerk of the court to transmit the bill to the “trial judge,” it appears that he transmitted it to the “Court,” and when the bill reached the “Court,” he endorsed its receipt “T. I. Gilmer, Judge of the Court of Common Pleas.” Also, that when he returned it to the clerk, he endorsed it — “On this eighteenth day of September, 1903, this bill returned to the clerk. T. I. Gilmer, Judge.”
*333 We are urged to hold that these variances from the statutory requirements are fatal to the bill; that it was never sent to the “trial judge,” — never received by him, and never returned by him to the clerk. We answer, that counsel for plaintiff in error, concede that the bill of exceptions is headed (after giving the title of the case), “that at the trial of the above entitled cause before the Hon. T. I. Gilmer, P. J., and a jury at the. May term, A. D. 1903, of the court of common pleas in and for the county of Masoning, ’ ’ etc.
It is true the clerk recites that he transmitted the bill to the “Court,” and it is true the “Court” received it, and. signed his'name “T. I. Gilmer, Judge of the Court of Common Pleas,” thereto. But in judicial proceedings, it is difficult to have a trial court without a trial judge. The case was heard in the court of common pleas, and the judge who presided at the trial was as much the trial court, as he was the trial judge. The person is the same, and the functions and duties are much the same, and until some one is able to separate the “Court” from the “trial judge,” and make them different persons, we decline to endorse the contention made on that subject. It is the same bill; allowed and signed by the judge who tried the case, in which he acted both as a court and trial judge.
We are also asked to consider that it does not appear how the clerk transmitted the bill to the court or trial judge, and it is claimed that it . should have been transmitted by him personally; that is, the clerk, in such case, must make manual delivery to the trial judge, and that it does not appear that this was done in the case at bar. We cannot concur in this position. The word transmit has no such nar *334 row meaning, and there are several modes of transmission, fully as safe and secure as a personal delivery. If a trial judge reside in another county, or some distance in the same county, from the office of the clerk, the latter may select some reliable means of delivering the bill aside from individually bearihg it to the trial judge, the purpose being that it may have safe passage and not be tampered with by any one.
All the objections made to the bill in the circuit court, as well as those presented to us by counsel for plaintiff in error, are purely technical, and under our present law, are not valid. Under our former statutes, several things were required of the excepting party in order to obtain a review of his case. Some of these were held in former decisions of this court to be mandatory and jurisdictional, and if not complied with the bill could not be considered.
We hope that day is now past. The former practice furnished a yawning sepulcher, wherein were swallowed up the honest efforts of litigants to have their controversies reviewed by a higher court. These lost rights made earnest protest to the general assembly, until it finally acted, and has adopted a more simple method of relief, and has attempted to utterly cast out some of the difficulties which formerly hedged the way to a reviewing court. The legislative intent is plain in the present statutes, and we are not now required to follow as precedents all decisions of the court made under the former legislation.
Lastly it is claimed that the bill is not a part of the record .of the case, because no entry was put on the journal making it a part of the record.
*335 That this is no longer necessary, we have recently decided in Strauch v. Massillon Stoneware Co., 71 Ohio St., 295, and we need not consider the question.

Judgment affirmed.

Spear, C. J., Davis, Shauck, Crew and Summers, JJ., concur.